# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PEARL FORD,**

    **Plaintiff,**

v.                                               No. 97cv1386 JP/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    This matter is before the Court on Plaintiff's (Ford's) Motion to Reverse and Remand Administrative Decision, filed July 6, 1998. The Commissioner of Social Security issued a final decision denying Ford's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

    Ford, now fifty-one years old, filed her applications for disability insurance benefits and supplemental security income on August 18, 1994, and August 23, 1994, respectively, alleging a disability since August 2, 1994, due to high blood pressure, dizziness, depression, headaches, nervousness, and stress. She has a ninth grade education with past relevant work as a custodian and a dietary aid. The Commissioner denied Ford's application for disability insurance benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Ford had a residual functional capacity for the full range of

light and/or sedentary work reduced only by an inability to perform heavy lifting or to engage in work performed in highly stressful situations. Relying on the grids, the ALJ concluded Ford was not disabled within the meaning of the Social Security Act. The Appeals Council denied Ford's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Ford seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

Specifically, in her decision, the ALJ determined that Ford had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found Ford suffered from the severe impairments of hypertension, chronic fatigue syndrome, fibromyalgia, and an anxiety disorder. At step three, the ALJ determined Ford's impairments, singly or in combination, did not meet or equal the listings. The ALJ determined Ford's subjective allegations of pain and limitation were not credible to the extent alleged. The ALJ determined Ford had the residual functional capacity to perform the physical exertion and non-exertional requirements of work except for work performed in highly stressful situations or lifting over 20 pounds occasionally. At step four, the ALJ found Ford was unable to perform her past relevant work as a dietary aid or a custodian. At step five, the ALJ found the grids directed a finding of not disabled. Tr. 24. Therefore, the ALJ concluded Ford was not disabled within the meaning of the Social Security Act. *Id*.

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.

2

1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse and remand, Ford argues the ALJ failed to fully and adequately develop the record regarding the level of her pain, failed to consider her fibromyalgia as a disabling condition, failed to give proper legal effect to the determination of the New Mexico Human Services Department, failed to properly identify her treating physician, considered her claim in a pro forma manner, and improperly discounted her credibility.

3

Ford claims the ALJ failed to fully and adequately develop the record regarding the level of her pain. The ALJ has a basic obligation to ensure an adequate record is developed during the disability hearing consistent with the issues raised. *Henrie v. Department of Health and Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1993). This duty is heightened when, as here, the claimant is not represented by counsel at the administrative hearing. *Id.* at 361. In this case, the ALJ fulfilled his duty to develop the record.

Ford argues the ALJ failed to consider her fibromyalgia as a disabling condition. However, this was not the case. In her opinion, the ALJ found Ford's fibromyalgia was a severe impairment and discussed it fully in her pain analysis. In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ expressly considered these factors.

The ALJ discussed the objective medical evidence, including, *inter alia,* the reports of Dr. Smoker and Dr. Khan. She considered whether there was a loose nexus between the evidence and Ford's complaints. She found that the opinion of Dr. Smoker was entitled to more weight than the opinion of Dr. Khan because he had treated Ford for a longer period. The ALJ also noted the evidence overwhelmingly supported the conclusion Ford exaggerates her allegations of pain. The ALJ then found, in light of all the evidence, that the pain was not disabling. A review of the record and the decision establishes the ALJ properly considered all the evidence regarding pain. The ALJ applied correct legal standards and substantial evidence supported her decision with respect to Ford's

complaints of disabling pain.

Ford claims the ALJ failed to properly identify her treating physician as Dr. Khan. The decision of the ALJ indicates she did consider Dr. Khan a treating physician. However, she discounted his opinion because he did not perform any range of motions studies, did no diagnostic testing, and his conclusions were not supported by the record as a whole. Since Dr. Smoker treated Ford for more than thirty years and conducted extensive testing, the ALJ gave his opinion more weight than that of Dr. Khan's.

The ALJ may disregard an opinion of a treating physician if it is brief, conclusory, and unsupported by the medical evidence. *Castellano v. Secretary of Health and Human Services*, 26 F.3d 1027, 1029 (10th Cir. 1994). The ALJ may also discount a treating physician's opinion if it is unsupported by clinical data. *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). Dr. Khan's opinion qualified for both standards. Unlike the record in *Sisco v. U.S. Dept. of Health and Human Services*, 10 F.3d 739 (10th Cir. 1993), the record herein does not contain substantial evidence that Ford suffers from fibromyalgia to a disabling degree. The ALJ properly considered Dr. Khan's opinion along with all the other evidence and found it to be unsupported and inconsistent with the record as a whole. A review of the record confirms substantial evidence supports this conclusion.

Ford contends the ALJ failed to give proper legal effect to the determination of the New Mexico Human Services Department. Although findings of disability by other agencies are not binding on the Commissioner, they are entitled to weight and must be considered. *Baca v. Department of Health and Human Services*, 5 F.3d 476, 480 (10th Cir. 1993). In this case, the ALJ stated she had considered the entire record which establishes she considered Ford's receipt of disability benefits from New Mexico Human Services Department. *Hamilton v. Secretary of Health*

*and Human Services*, 961 F.2d 1495, 1498-99 (10th Cir. 1992). In light of the fact that the ALJ considered Ford's receipt of state benefits, this argument is without merit.

Ford contends the ALJ considered her claim in a pro forma manner. She complains the reviewer who filled out the Psychiatric Technique Form should have done something more than just fill-out the form. TR. 76-84. However, Ford concedes that she was later referred to Dr. Gzaskow who performed a complete psychological consultative examination. Tr. 126-129. Ford also complains the administrative hearing was not long enough and the ALJ's questions did not elicit sufficient information.

While the ALJ has a duty to develop the record, she is not required to act as claimant's advocate. *Henrie v. Secretary of Health and Human Services*, 13 F.3d 359, 361 (10th Cir. 1993). The undersigned has reviewed the entire record, including the transcript of the evidentiary hearing. The ALJ's questions at the evidentiary were more than sufficient to allow the ALJ to ascertain the nature of Ford's impairments, her ongoing treatment and medications, and the impact of her impairments on her daily activities. *Thompson v. Sullivan*, 987 F.2d at 1492. The ALJ in this case fulfilled her duty of inquiry and factual development.

Finally, Ford claims the ALJ improperly discounted her credibility. Credibility determinations are peculiarly the province of the finder of fact. *Kepler v. Chater*, 68 F.3d 387 (10th Cir. 1995); *Hamilton*, 961 F.2d at 1499-1500. Subjective complaints must be evaluated in light of the claimant's credibility as well as the medical evidence. *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992). Dr. Smoker stated Ford had a tendency to embellish her symptoms. The ALJ properly evaluated Ford's credibility and her complaints of disabling pain. Substantial evidence of record supports his credibility finding.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and substantial evidence supports the decision. The motion to reverse or remand administrative agency decision should be denied and this case should be dismissed.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**